NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re HARRY CONNER, Designated Beneficiary & Sole Heir of Mary Conner Nelson (deceased),**
*Petitioner*

---

2025-122

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Tennessee in No. 2:11-cv-02476-JTF-cgc, Senior Judge John Thomas Fowlkes, Jr.

---

## ON PETITION AND MOTION

---

Before PROST, WALLACH, and TARANTO, *Circuit Judges.*

PER CURIAM.

### O R D E R

Harry Conner petitions for a writ of mandamus directing the United States District Court for the Western District of Tennessee to transfer this matter to the United States Court of Federal Claims.  Mr. Conner also moves to proceed *in forma pauperis.*

In 2011, Mr. Conner filed suit in the Western District of Tennessee, seeking in excess of $10,000 under the Federal Employees' Group Life Insurance Act.  In April 2014,

the district court entered judgment dismissing the case. On appeal, the United States Court of Appeals for the Sixth Circuit affirmed. Mr. Conner subsequently sought relief from the judgment. The Sixth Circuit affirmed the district court's denial of that relief in 2017.

Several years later, in July 2024, Mr. Conner moved the district court to transfer the matter to the Court of Federal Claims. The district court denied the motion. Mr. Conner filed a notice of appeal from the order that was docketed at the Sixth Circuit, which subsequently dismissed the appeal for failure to prosecute. *Conner v. USPS*, No. 24-6155, slip op. at 1 (6th Cir. Apr. 2, 2025). Mr. Conner now petitions this court for a writ of mandamus to direct transfer of the case to the Court of Federal Claims.

The All Writs Act authorizes courts to issue writs "necessary or appropriate in aid of their respective jurisdictions." 28 U.S.C. § 1651(a). Mandamus is available only in extraordinary situations where a petitioner has no other adequate means of obtaining the relief desired, the right to issuance of the writ is clear and indisputable, and the court, in its discretion, finds that a writ would be appropriate under the circumstances. *See Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004).

This court's jurisdiction to review decisions of the federal courts either on direct appeal or on mandamus generally extends only to patent cases, *see* 28 U.S.C. § 1295(a)(1); civil actions on review to the district court from the United States Patent and Trademark Office, *see* § 1295(a)(4)(C); or certain damages claims against the United States "not exceeding $10,000 in amount," 28 U.S.C. § 1346(a)(2), *see* 28 U.S.C. § 1295(a)(2). Mr. Conner's case is none of those.

And although this court generally has jurisdiction over an "interlocutory order of a district court . . . granting or denying, in whole or in part, a motion to transfer an action to the United States Court of Federal Claims," 28 U.S.C. § 1292(d)(4), there is nothing interlocutory about the

district court's order here denying transfer.  The case is over:  final judgment already has been entered on the merits and the Sixth Circuit has affirmed.  Under such circumstances, Mr. Conner's entitlement to a writ of mandamus directing transfer is not clear and indisputable.

Accordingly,

IT IS ORDERED THAT:

The petition and all pending motions are denied.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

April 28, 2025
Date